IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TITAN WRECKING & ENVIRONMENTAL, LLC | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| VESTIGE REDEVELOPMENT GROUP LLC, *et al*. | ) ) ) ) |
| Defendants. | ) |

Case No. 1:15-cv-00577-SJD

## DEFENDANTS' MOTION TO DISMISS OR TO STAY AND MEMORANDUM IN SUPPORT

Defendants, Vestige Redevelopment Group LLC ("Vestige"), Matthew R. Lafkas ("Mr. Lafkas"), Skinner Family II, LLC ("Skinner Family"), MRL Capital Holdings, LLC ("MRL Capital") and Two Thirds, LLC ("Two Thirds") (collectively, "Defendants"), respectfully move the Court for the dismissal of this action under the "*Colorado River*" abstention doctrine. The Court should abstain from adjudicating this case because there is a parallel action between Plaintiff, Titan Wrecking & Environmental, LLC ("Titan") and Vestige that has been pending since February 2014 in the Hamilton County, Ohio Court of Common Pleas (the "State Court Action"). The outcome of the State Court Action will potentially render moot the claims made by Titan in this case.

Titan filed this action only after it was denied leave in the State Court Action to amend its Complaint to add Mr. Lafkas, Skinner Family, MRL Capital and Two Thirds as defendants and to assert the very claims that it has alleged in this Court. Titan's motion for leave was denied because it was untimely. Rather than pursue (or preserve) its rights of appeal from the State Court's Order, Titan filed in this Court a virtual carbon copy of the proposed Amended

Complaint that was disallowed in the State Court Action. Titan's intentions in doing so were obviously to evade the State Court's rulings and to seek a different result in this Court. Such blatant forum shopping should not be permitted.

The claims that Titan and Vestige are litigating in the State Court Action and the claims that Titan now seeks to assert in this action are predicated upon the same set of operative facts. Moreover, both Actions would require resolution of the same fundamental dispositive issue; namely, whether Vestige owes any indebtedness to Titan. If (as Vestige contends) Titan has been paid in full under its contract with Vestige, then Vestige will prevail in the State Court Action, and Titan's claims asserted in this Court for fraudulent transfer of assets and for *alter ego* liability will necessarily fail as a matter of law.

This Court need not burden itself with the duplicative litigation filed by Titan. To allow these two actions to proceed on a parallel path would be wasteful and would present the risk of conflicting outcomes on the dispositive issue. This is a classic scenario for *Colorado River* abstention: the Court should abstain from adjudicating this action in deference to the earlier filed, pending parallel State Court Action. Alternatively, the Court can and should exercise its inherent authority to stay this action pending the outcome of the State Court Action.

Finally, even if the Court were inclined to allow this action to proceed, Titan has failed to sufficiently establish the Court's subject-matter jurisdiction based upon diversity of citizenship.

The grounds for this Motion are further explained in the Memorandum in Support that follows. The Declaration of Steven C. Coffaro, Esq. ("Coffaro Declaration") is being separately filed herein.

Respectfully submitted,

 /s/ *Steven C. Coffaro*
Steven C. Coffaro (0065116)
Joseph E. Lehnert (0089492)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Tel. (513) 579-6489
Fax: (513) 579-6457
steve.coffaro@kmklaw.com
jlehnert@kmklaw.com
Attorneys for Defendants

**MEMORANDUM IN SUPPORT**

This action represents nothing more than Titan's attempts to evade the unfavorable rulings made in the pending State Court Action[1] between Titan and Vestige. Indeed, the claims that Titan asserts in this action are the identical claims that it unsuccessfully attempted to bring in the State Court Action.

## I. THE PENDING PARALLEL STATE COURT ACTION

### A. The State Court Complaint

Titan filed its Complaint against Vestige in the State Court Action, on February 20, 2014. A copy of the State Court Complaint is attached as **Exhibit 1** to the Coffaro Declaration filed herein. Titan asserts claims against Vestige for breach of contract, for unjust enrichment, and for foreclosure of a mechanic's lien that Titan recorded against real estate owned by Vestige.

Titan's claims arise from demolition and sitework that it performed for Vestige in 2011-12. Titan participated in a competitive bid process to obtain the work, and entered into a contract with Vestige dated October 25, 2011 (the "Contract"). (The Contract is attached as Exhibit A to the State Court Complaint). Titan was paid approximately $2.7 million for its services, but alleges that it is owed $885,584.55 over and above the Contract price. (*See* State Court Complaint at Count I).

Vestige disputes Titan's claims and contends that Titan has been paid in full for all work done on the project. Vestige Answered the Complaint in the State Court Action and also asserted a Counterclaim for slander of title and for a declaratory judgment that Titan has been paid in full and that that its alleged mechanic's lien is invalid. Vestige's Answer and Counterclaim are attached as **Exhibit 2** to the Coffaro Declaration.

---

[1] The State Court Action is captioned, *Titan Wrecking & Environmental, LLC v. Vestige Redevelopment Group LLC*, Hamilton County, Ohio Court of Common Pleas, Case No. A 1400996.

### B. The Discovery Order

In discovery in the State Court Action, Titan sought documents and information about funds that Vestige received from the post-demolition sale of scrap metal from the project to a third party. This information had no bearing whatsoever on Titan's contract claims. Accordingly, on January 30, 2015, the State Court issued a protective order that, among other things, precluded Titan from obtaining this information. The Magistrate determined that this information was not relevant to Titan's claims and was not discoverable. (*See* Magistrate's Decision attached to the Coffaro Declaration as **Exhibit 3** at p. 4).

### C. Denial of Leave to Amend

On June 4, 2015, Titan moved the State Court for leave to amend its Complaint. (*See* Motion for Leave to File First Amended Complaint *Instanter* attached to the Coffaro Declaration as **Exhibit 4**.) Titan sought to add four new defendants to the litigation and to assert a new claim entitled, "Fraudulent Transfer/Veil Piercing." Titan's obvious (and admitted) motivation behind this filing was to convince the State Court that its request for information about the sale of scrap by Vestige was relevant to this newly added claim. Titan alleged that the proceeds of such sale were used to satisfy a mortgage on the Vestige property and to return capital and distribute profits to the Vestige members/owners, which Titan claimed were "fraudulent transfers" as defined in Ohio Rev. Code § 1336.01, *et seq.* (*See id.*).

The State Court denied Titan's motion for leave to amend in an Order dated August 11, 2015 and filed on September 2, 2015. (*See* Magistrate's Decision attached to the Coffaro Declaration as **Exhibit 5**.) Rule 53(D)(3)(b) of the Ohio Rules of Civil Procedure provided to Titan a right to object to the Magistrate's Decision, but Titan filed no such objection, and the State Court adopted the Magistrate's Decision in an Order dated September 29, 2015. (*See*

Coffaro Declaration, **Exhibit 6**).  As a result, Titan is forever barred from appealing the State Court's Order to the Ohio Court of Appeals.  *See* Ohio R.Civ.P. 53(D)(3)(b)(iv).[2]

## II. THE INSTANT ACTION.

Titan filed the instant action on September 8, 2015 – six days after the Magistrate's Decision was filed in the State Court Action.  Its Complaint asserts precisely the same fraudulent transfer/veil piercing claims that Titan sought unsuccessfully to assert in the State Court Action. (*See* Complaint (Doc. No. 1)).  Indeed, Titan's Complaint in this action is substantially identical to the Proposed First Amended Complaint that it attempted to file in the State Court Action. (*Compare* Doc. No. 1 *with* Coffaro Declaration, **Exhibit 4** at Exhibit B).  Moreover, the factual predicate for the claims asserted in this action is the precise issue that is currently being litigated in the State Court Action; *i.e.,* the alleged, disputed indebtedness of Vestige under its Contract with Titan.

Titan's actions constitute bad faith and blatant forum shopping.  Titan clearly seeks to assert these claims for the sole purpose of renewing, in a different forum, its request for discovery of information that the State Court has already found not to be discoverable.  This Court should decline Titan's invitation to litigate matters that have been pending in the State Court Action for nearly nineteen months.

## III. THE COURT SHOULD ABSTAIN FROM ADJUDICATING THIS DUPLICATIVE ACTION

### A. This Action And The State Court Action Are Parallel Proceedings

Under the "*Colorado River*" abstention doctrine, the Court has the authority to abstain from hearing certain cases in deference to pending state court cases.  *Healthcare Capital, LLC v.*

---

[2] For the same reason, Titan is barred from appealing the State Court's January 30, 2015 Discovery Order that precludes Titan from obtaining information about the sale of scrap by Vestige.

*HealthMed, Inc.*, 213 F. Supp. 2d 850, 857 (S.D. Ohio 2002), *citing Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 818-19 (1976). The *Healthcare Capital* Court summarized *Colorado River* abstention as follows:

> [a]s the Sixth Circuit Court of Appeals has construed it, "in *Colorado River*, the Supreme Court noted that, despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts."

213 F.Supp.2d at 857 (*quoting Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River*, 424 U.S. at 817)).

Actions are parallel where there is an identity of parties and issues in the federal and state court actions. *Id.* (citing *Baskin v. Bath Twp. Bd. of Zoning Appeals,* 15 F.3d 569, 572 (6th Cir. 1994). "Exact parallelism, however, is not required; 'it is enough if the two proceedings are substantially similar.'" *Id.,* (quoting *Romine*, 160 F.3d at 340). Actions are sufficiently parallel for *Colorado River* abstention purposes where the parties are "substantially similar" and the claims are "predicated on the same allegations." *Romine*, 160 F.3d at 340. *See also General Star Indem. Co. v. Springfield Properties, Inc.*, S.D. Ohio Case No. 3:13-cv-114, 2013 U.S. Dist. LEXIS 108268, at *11 (Aug. 1, 2013) (finding abstention warranted where the federal and state proceedings were at least substantially similar).

Here, the parties in both this action and the State Court Action are substantially, if not completely, identical. Titan is the sole plaintiff in both actions. While Vestige is the only named Defendant in the State Court Action, MRL Capital, Two Thirds and Skinner Family are all owners of Vestige, and they in turn are owned by Lafkas and/or members of his family. (Doc. No. 1, ¶¶ 3-8). Titan "cannot defeat the Defendants' claims that the actions are parallel simply by pointing to the addition of related defendants whose interests are aligned with those of the

defendants in the state case." *Healthcare Capital*, 213 F. Supp. 2d at 858. Vestige is a party to both the State and Federal Actions, and its interests are indisputably aligned with those of the other Defendants in this action.

In the State Court Action, Vestige maintains that Titan has been paid in full under the Contract and that its alleged mechanic's lien is therefore invalid. In the instant action, Titan alleges that Vestige transferred funds to its owners "[w]ith actual intent to hinder, delay or defraud" Titan as an alleged creditor of Vestige. (Doc. No. 1 at ¶¶ 33, 42-50; Ohio Rev. Code. § 1336.04(A)(1)) (emphasis added). Titan also alleges that Lafkas is liable as the "*alter ego*" of Vestige. (Doc. No. 1 at ¶¶ 46-49). A fundamental element of these claims is that Titan is a creditor of Vestige. If Vestige prevails in the State Court Action on the issue of the alleged indebtedness to Titan, then this finding will have collateral estoppel effect upon Titan's claims in this case. *See Stotts v. Pierson*, 976 F. Supp. 2d 948, 961 (S.D. Ohio 2013) (an issue that was actually and directly determined in a prior state court action may not be re-litigated in a subsequent action between the same parties or their privies). Specifically, Titan's claims would necessarily fail because it will already have been established that Titan was not a creditor of Vestige at the time of the alleged transfers.

Therefore, the claims in the State and Federal Actions are "predicated on the same allegation," and all of Titan's claims "arise out of the same nucleus of operative facts" and "are … inextricably intertwined" with each other. *Healthcare Capital*, 213 F. Supp. 2d at 858. The Court need only compare the Complaint in this action (Doc. No. 1) with the Complaint in the State Court Action (Coffaro Declaration, **Exhibit 1**) and the Proposed First Amended State Court Complaint (Coffaro Declaration, **Exhibit 4** at Exhibit B) to see that the factual allegations therein are almost entirely identical.

Because this action and the State Court Action are parallel proceedings, this Court can and should abstain from adjudicating this duplicative action in favor of the State Court Action.

### B. The *Colorado River* Factors Weigh Heavily In Favor of Abstention.

The following factors are to be considered in deciding whether to abstain from adjudicating a federal action in deference to a pending state court action: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 340-41 (citations omitted). "These factors, however, do not comprise a mechanical checklist. Rather, they require 'a careful balancing of the important factors as they apply in a give case' depending on the particular facts at hand." *Id*. at 341, *quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (U.S. 1983).

The Sixth Circuit has noted that forum shopping is an additional, "extraordinary circumstance" that justifies *Colorado River* abstention. *See Preston v. Eriksen*, 6th Cir. Case No. 95-3751, 1997 U.S. App. LEXIS 784, at *13, n. 3 (Jan. 14, 1997) (reported in table at 106 F.3d 401) (copy attached); *Novogroder v. NOM Lima Shawnee, LLC;* N.D. Ohio Case No. 3:07CV1284, 2007 U.S. Dist. LEXIS 61359, at *8, fn. 4 (Aug. 21, 2007)) (copy attached) (noting that "[s]ome courts consider forum shopping a factor when deciding whether to stay an action").

Application of these factors leads inescapably to the conclusion that abstention is appropriate here.

### 1. Assumption of State Court Jurisdiction

The first factor – jurisdiction over any res or property – weighs heavily in favor of abstention. Titan's State Court Action is a mechanic's lien foreclosure action arising form work performed by Titan on property owed by Vestige. The State Court assumed jurisdiction over Titan's claims and the alleged mechanic's lien on February 20, 2014 when Titan filed its Complaint there. If Titan were to prevail in the State Court Action, Vestige's property could be sold at a foreclosure sale and the proceeds would go towards paying off the debt underlying the mechanic's lien. *See* Ohio Rev. Code § 1311.01, *et seq.*

Titan does not seek foreclosure of its mechanic's lien in the instant case, but the real estate encumbered by the lien is the sole asset owned by Vestige. In this action, Titan asks this Court to assert jurisdiction over Vestige's assets by avoiding alleged fraudulent transfers from Vestige and attaching or garnishing the proceeds of such transfers for the satisfaction of the debt purportedly owed to Titan. (*See* Doc. No. 1 at ¶ 50.) Such jurisdiction, however, should be left with the State Court where it has already been exercised.

### 2. Convenience of the Forum

The two forums - the Hamilton County, Ohio Court of Common Pleas and the United States District Court for the Southern District of Ohio – are located proximate to one another in Cincinnati, Ohio. Neither forum is particularly more convenient than the other to resolve Titan's claims. However, Titan and Vestige have been litigating those claims in the State Court Action since February 2014. Hamilton County is therefore a preferable forum.

### 3. Avoidance of Piecemeal Litigation

This factor weighs heavily in favor of abstention. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially

rendering conflicting results." *Romine*, 160 F.3d at 341. Titan's Complaint in this action would necessarily require the Court to resolve the same threshold issue that is being litigated in the State Court Action: whether there is any indebtedness owed by Vestige to Titan. This Court should abstain in this case so that the parties are not litigating this identical issue in two separate actions, potentially leading to inconsistent results.

### 4. The Order in Which Jurisdiction Was Obtained

The State Court obtained jurisdiction over the dispute between Titan and Vestige almost nineteen months ago, in February 2014. The instant action was not filed until September 8, 2015 – and only after the State Court ruled that Titan failed to raise these same claims in a timely manner. This factor weighs heavily in favor of abstention.

### 5. Governing Law

The fifth factor – governing law – also weighs heavily in favor of abstention. Titan's fraudulent transfer and veil piercing claims in this action are based exclusively upon Ohio state law, where all of the alleged transactions and occurrences took place. Only "the presence of federal law issues…[would] weigh against surrender of federal jurisdiction in deference to state proceedings." *See Romine*, 160 F.3d at 342, *quoting Mercury Constr.*, 460 U.S. at 26. In this diversity case, there are no such issues of federal law to be addressed.

### 6. Adequacy of the State Forum

The Hamilton County Court of Common Pleas is a perfectly adequate forum to adjudicate Titan's claims. The fact that Titan raised its alleged fraudulent transfer and *alter ego* claims in that forum in an untimely manner does not render the state forum inadequate. Titan had a right to object to the decision that precluded it from asserting those claims, but it chose not to do so. See Ohio R.Civ.P. 53(D)(3)(b). As a result, Titan has lost any rights of appeal from that decision. *See Wells Fargo Bank, N.A. v. Isaacs*, 2010-Ohio-5811, ¶11, 2010 Ohio App.

LEXIS 4904 (Ohio Ct. App., Hamilton County, Dec. 1, 2010) (citing Ohio R.Civ.P. 53(D)(3)(b)(iv)).

It is obvious that Titan filed the instant action in a last-ditch effort to obtain the documents that the State Court ruled were not discoverable. Titan simply seeks to do an end-run around the State Court's ruling. This Court should not reward Titan's actions. The State Court is more than adequate to adjudicate Titan's alleged claims.

### 7. The Relative Progress of the Proceedings

As stated above, the State Court Action has been pending since February 2014. The parties have exchanged written discovery requests and responses and have produced requested documents. (Coffaro Declaration, ¶6). Two depositions have been completed, including an Ohio Rule 30(B)(5) deposition of Vestige. (*Id.*, ¶7). Titan has agreed to produce its representatives for depositions in Ohio, but they have not been scheduled as a result of Titan's motion practice and, now, as a result of its filing the instant action. (*Id.*, ¶ 8). As explained above, the State Court has issued rulings on several discovery matters and denied Titan leave to amend its Complaint and to assert the claims that it now asserts in this action.

Conversely, the instant action has been pending for just over one month, and should not have been filed in the first place. Clearly, the State Court Action has progressed much further than this case, a factor that weighs heavily in favor of abstention.

### 8. Concurrent Jurisdiction

Assuming that Titan were able to sufficiently plead complete diversity of citizenship, then this Court and the State Court would both have subject-matter jurisdiction over Titan's claims, which all arise under Ohio law.

### 9. Forum Shopping

The Sixth Circuit disfavors forum shopping – an additional factor that weighs heavily in favor of abstention. Titan elected not to pursue objections in the State Court Action to the Magistrate's Decisions holding that: (1) information about the sale of scrap by Vestige is not discoverable; and (2) Titan's request to assert fraudulent transfer and *alter ego* claims was untimely. Instead, Titan decided to try its luck with the Court, asserting those untimely claims in a newly filed action. No doubt, Titan's next move would be to request in discovery the same documents and information that it was not permitted to discovery in the State Court Action. This is forum shopping of the worst order.

In sum, all the *Colorado River* factors taken together weigh overwhelmingly in favor of this Court's abstention from adjudicating this action and deferral to the pending parallel State Court Action.

### C. Dismissal, Rather Than A Stay, Is Appropriate Under the Circumstances.

In the Sixth Circuit, a stay of the federal action is preferred where *Colorado River* abstention is appropriate. *Blake v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 732, 738 (S.D. Ohio 2013), *citing Bates v. Van Buren Twp.*, 122 F. App'x 803, 809 (6th Cir. 2004). However, the Court does have discretion to dismiss this action instead, under *Colorado River* itself. *See* 424 U.S. at 818. Indeed, where either forum shopping exists or the resolution of the pending state court action will likely render the federal action moot, courts have found dismissal to be the appropriate course of action. *See Healthcare Capital*, 213 F. Supp. 2d at 859 (dismissing action pursuant to *Colorado River* in part to discourage parties from engaging in forum shopping); *Travelers Prop. Cas. Co. of America v. Associated Eng'Rs*, W.D. Ky. Case No. 4:13CV-00092-JHM, 2013 U.S. Dist. LEXIS 169617, at *10 (Dec. 2, 2013) (declining a stay where there would be no remaining issues in the federal action once the state action is complete).

As explained above, the circumstances here warrant the dismissal of this unnecessary, duplicative action. Titan is clearly forum shopping in the hope of obtaining a different result than the one it already got in State Court. Titan was untimely in bringing its new fraudulent transfer/veil piercing claims in the State Court and should not be permitted to eschew that result by filing its alleged claims in a different forum. Moreover, if the State Court determined that Vestige owes no indebtedness to Titan, then Titan's claims asserted in this action will necessarily fail.

For these reasons, the Court should dismiss this action in deference to the State Court Action.[3] Alternatively, the action should be stayed.

## IV. ALTERNATIVELY, THIS ACTION SHOULD BE STAYED ON OTHER GROUNDS.

Even if the Court were to conclude that abstention is not warranted under *Colorado River*, it should still stay this action in the exercise of its inherent authority as recognized by the Supreme Court in *Landis v. North American Co.*, 229 U.S. 248 (1936). As this Court has recently recognized,

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

---

[3] Titan bears the burden of establishing this Court's subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). However, Titan has not pled facts sufficient to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Titan (a New York limited liability company) merely alleges the *principal places of business* of itself and of the various Defendants, which are also limited liability companies (*See* Doc. No. 1, ¶¶ 1, 3-6.) The location of the principal places of business of these entities is not relevant to the jurisdictional analysis, however, because "all unincorporated entities – of which a limited liability company is one – have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Therefore, even if the Court were to allow this action to proceed notwithstanding the Defendants' abstention request, Titan must amend its Complaint to include a jurisdictional statement alleging the identities and the citizenship of the individual members of Titan and of the various Defendant LLCs in order to properly allege that complete diversity of citizenship exists.

*Canter v. Calderhead, Lockemeyer & Pesche Law Office,* S.D. Ohio Case No. 1:13-cv-514, 2014 U.S. Dist. LEXIS 2204, at *3 (Jan. 8, 2014), *adopted and stay granted by Muench v. Calderhead, Lockemeyer & Peschke Law Office,* 2014 U.S. Dist. LEXIS 52599 (S.D. Ohio, Apr. 16, 2014) (quoting *Landis*, 229 U.S. at 254-55). *See also Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998) ("[T]he Court has inherent power to stay proceedings pending the resolution of the same or related issues in another forum.").

In determining whether to stay litigation, the Court should consider the following factors: (1) the potential of another case having a dispositive effect on the instant case; (2) judicial economy; (3) the public welfare; and (4) any hardship or prejudice to the opposing party. *Id.* at *4, *quoting Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255).

As explained in Section III(B), above, the first two factors – potential dispositive effect and judicial economy – weigh heavily in favor of a stay in favor of the pending State Court Action. Titan's claims in the instant action would necessarily require litigation of the same issues of fact that are already being litigated in the State Court Action. If Vestige prevails on those issues in the pending action, then the instant action will be rendered moot. This Court should allow those issues to be resolved in the pending State Court Action so as to avoid a duplicity of suits and the risk of inconsistent results.

As to the third factor, the public interest would not be harmed in any way by a stay. Rather, the public has an interest in the efficient use of judicial resources and in having state courts resolve claims arising under their respective state's law. Surely, Ohio citizens have an interest in allowing the Ohio State Court to resolve the issues underlying Titan's Ohio mechanic's lien foreclosure action involving Ohio property without the potential risk of conflicting results being reached in this Court.

15

Finally, as to the fourth factor, Titan will in no way be prejudiced by a stay of this action. Titan and Vestige will both save their resources if they are not required to litigate the same issues in two parallel proceedings. Therefore, a stay will actually be in Titan's interest.

Therefore, if the Court concludes that it should not abstain from adjudicating this action under *Colorado River*, the foregoing factors still weigh in favor of the Court exercising its inherent authority to stay this action. To allow this action and the State Court Action to proceed simultaneously would be wasteful and illogical.

## V. CONCLUSION

For the foregoing reasons, the Court should abstain from adjudicating this action in deference to the State Court Action, and either dismiss this action in its entirety or stay the proceedings pending the outcome of the State Court Action. In the alternative, this Court should exercise its inherent authority to stay this action until resolution of the State Court Action.

Respectfully submitted,

 */s/ Steven C. Coffaro*
Steven C. Coffaro (0065116)
Joseph E. Lehnert (0089492)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Tel. (513) 579-6489
Fax: (513) 579-6457
steve.coffaro@kmklaw.com
jlehnert@kmklaw.com
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically using the Court's ECF system on this 13th day of October, 2015. Counsel of record will receive notice through the ECF system.

 */s/ Steven C. Coffaro*
Steven C. Coffaro

6364338.1